2006 BNH 034     Note:   This is an unreported opinion.  Refer to AO 1050-1 regarding citation.
_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | Bk. No. 04-14151-JMD and |
| | Bk. No. 04-14152-JMD |
| Robotic Vision Systems, Inc., and | Jointly Administered |
| Auto Image ID, Inc., | Chapter 7 |
|         Debtors | |
| Steven M. Notinger, | |
| Chapter 7 Trustee, | |
|         Plaintiff | |
| v. | Adv. No. 06-1157-JMD |
| Dreier LLP, | |
|         Defendant | |

*Steven M. Notinger, Esq.*             *James W. Donchess, Esq.*
*Nashua, New Hampshire*                *Donchess & Notinger, PC*
*Chapter 7 Trustee/Plaintiff*          *Nashua, New Hampshire*
                                       *Attorney for Chapter 7 Trustee/Plaintiff*

*Norman M. Kinel, Esq.*
*Dreier LLP*
*New York, New York*
*Defendant/Former Attorney for the Debtor*

*Charles A. Dale, III, Esq.*           *Thomas Pappas, Esq.*
*McCarter & English, LLP*              *Wiggin & Nourie, P.A.*
*Boston, Massachusetts*                *Manchester, New Hampshire*
*Attorney for Pat V. Costa, Creditor*  *Attorney for Pat V. Costa, Creditor*

## MEMORANDUM OPINION

### I. INTRODUCTION

On May 26, 2006, the Court issued a memorandum opinion and an order converting the

objection of Pat V. Costa ("Costa") to the final application for allowance and payment of fees

and reimbursement of expenses filed by Dreier LLP ("Dreier"), former counsel to Robotic Vision Systems, Inc. and Auto Image ID, Inc. (collectively the "Debtors") (Bk. No. 04-14151-JMD, Doc. Nos. 1700 and 1701) (the "Memorandum Opinion") into an adversary complaint. The Court designated Steven M. Notinger, the chapter 7 trustee (the "Trustee"), as plaintiff, and Dreier as defendant. The Court explained in footnote 4 of the Memorandum Opinion that "[a]lthough Costa is not a party to the adversary proceedings, he is a party in interest in the bankruptcy case and has the right to notice, the right to object, and the right to appear and be heard [in matters in the adversary proceeding]. Kowal v. Malkemus (In re Thompson), 965 F.2d 1136, 1140 (1st Cir. 1992); Fed. R. Bankr. P. 2002(a)(3) and 9019(a)." On June 16, 2006, Costa filed a motion seeking to intervene in the adversary proceeding (Doc. No. 10) (the "Motion") to which the Trustee and Dreier objected (Doc. Nos. 21 and 22) (the "Objections"). The Court held a hearing on the Motion and the Objections on July 18, 2006, and took the matter under advisement.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. FACTS AND PROCEDURAL HISTORY

On November 19, 2004, the Debtors sought bankruptcy protection under chapter 11 of the Bankruptcy Code. On October 11, 2005, the Court converted the Debtors' jointly administered cases to chapter 7, and the United States Trustee (the "UST") appointed the Trustee

to serve as chapter 7 trustee. Upon conversion of the cases, Dreier filed an application seeking final approval of chapter 11 fees in the amount of $3,009,678.55 and chapter 11 expenses in the amount of $193,540.49 (Doc. No. 2 and Bk. No. 04-14151-JMD, Doc. No. 1502) (the "Dreier Application"). Costa objected to the application on the grounds that (a) Dreier's services harmed the Debtors' estate; (b) Dreier committed misconduct, malpractice, and fraud; and (c) certain activities were not beneficial to the Debtors' estates (Doc. No. 1 and Bk. No. 04-14151-JMD, Doc. No. 1610) (the "Fee Objection"). The Trustee reached a settlement with Dreier, the terms of which include Dreier voluntarily reducing its fee and expense request by $450,000.00 and the parties executing mutual releases (Doc. No. 4 and Bk. No. 04-14151-JMD, Doc. No. 1654). The Trustee recommended that the Court adopt the terms of the settlement when ruling on Dreier's fee application.

For the reasons set forth in the Memorandum Opinion, the Court converted the Fee Objection to the Dreier Application into an adversary proceeding and named the Trustee and Dreier as the only parties to the adversary proceeding. Through the Motion, Costa seeks to intervene as a party.

Costa is the former president and chief executive officer as well a director of the Debtors. Presently, he holds general unsecured, priority unsecured, administrative priority unsecured, and secured claims against the Debtors' bankruptcy estates. Costa's proofs of claim specifically assert (a) a $500,000.00 secured claim plus any additional interest, costs, and fees to which he may be entitled under section 506(b) of the Bankruptcy Code (POC 183); (b) a general unsecured claim under a prepetition indemnification agreement with the Debtors (POC 184); (c) a $4,925.00 priority unsecured claim for unpaid wages and employee benefits arising from his

3

employment with the Debtors (POC 185); and (d) a $237,000.00 administrative priority expense claim for unpaid postpetition wages and amounts due and owing under the Debtors' indemnification obligations to him (POC 732).  To date, none of Costa's proofs of claim have been the subject of an objection.  The Trustee has indicated, however, that he will object to some or all of these claims and may seek to equitably subordinate Costa's allowed claims.

### III.  DISCUSSION

The ability to intervene in an adversary proceeding is governed Federal Rule of Civil Procedure ("Rule") 24, which is made applicable to adversary proceedings in bankruptcy cases pursuant to Federal Rule of Bankruptcy Procedure 7024.  Kowal v. Malkemus (In re Thompson), 965 F.2d 1136, 1141 (1st Cir. 1992).  Rule 24 provides for mandatory intervention and permissive intervention.  Costa argues that he meets the requirements for both types of intervention.

#### A.  Mandatory Intervention

Rule 24(a) provides:

> Upon timely application anyone shall be permitted to intervene in an action:  (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a).  Costa contends that he may intervene pursuant to Rule 24(a)(1) and (a)(2).

### 1. Statutory Right to Intervene

Costa argues that section 330(a)(2) of the Bankruptcy Code confers on him an unconditional right to intervene. The language of section 330(a)(2) contains no provision, however, explicitly permitting intervention. Rather, section 330(a)(2) simply provides:

> The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

While the effect of the statute may be that it permits any party in interest to object to a professional's application for fees and expenses, it does not mandate that a creditor be permitted to intervene in an adversary proceeding that will address professional compensation. Rather, section 330(a)(2) simply permits the Court to reduce compensation to professionals. The First Circuit Court of Appeals explained in Thompson, 965 F.2d at 1141-42, that the right to object during the course of a bankruptcy case does not confer a right to intervene in an adversary proceeding. The First Circuit stated:

> The opportunity broadly afforded all "parties in interest" to monitor the administration of the bankruptcy case through the provision of notice under Bankruptcy Rule 2002(a)(3) does not confer on a debtor or the individual creditors in a bankruptcy case the status of "parties" to every adversary proceeding brought by or against the chapter 7 trustee.

Id. at 1140-41 (footnote omitted). Thus, applying the Thompson rationale to the facts in this case, the Court concludes that section 330(a)(2) does not confer on Costa the absolute and unconditional right to intervene in this adversary proceeding.

5

### 2. Non-Statutory Right to Intervene

Pursuant to Rule 24(a)(2), an applicant for intervention may have a non-statutory right to intervene if the applicant can meet four requirements:

1. The motion for intervention is timely.

2. The applicant claims an interest in the property that is the subject of the adversary proceeding.

3. The applicant's ability to protect that interest will be impeded or impaired, as a practical matter, if not allowed to intervene.

4. The applicant's interest will not be adequately represented by any of the parties.

Ewers v. Heron, 419 F.3d 1, 3 (1st Cir. 2005) (citing United States v. 116 Emerson St., 842 F.2d 74, 77 (1st Cir. 1991)).

#### a. Timeliness

The parties do not dispute that Costa's Motion is timely. The Court agrees. Accordingly, the Court finds that the first requirement for intervention under Rule 24(a)(2) is met.

#### b. Interest in Property

The second requirement for establishing a non-statutory right to intervene is that Costa claim an interest in the property that is the subject of the adversary proceeding. Costa is a creditor who holds general unsecured, priority unsecured, administrative priority unsecured, and secured claims against the Debtors' bankruptcy estates. As a claimant, the ultimate resolution of Dreier's fee application will impact Costa's recovery. Approving and paying all or any portion of Dreier's fees and expenses will dissipate the assets of the Debtors' bankruptcy estates, which assets would otherwise be available to satisfy the administrative priority and other claims

presently held by Costa. For that reason, the Court finds that the second requirement for intervention under Rule 24(a)(2) is met.

### c. Ability to Protect Interest

Costa argues that disposition of this adversary proceeding without his intervention will effectively deny him the ability to protect his interests in the Debtors' assets. Costa states that mere participation in the adversary proceeding does not given him standing to challenge any adverse judgment that may be entered in the adversary proceeding. Costa argues that had the Fee Objection to the Dreier Application remained a contested matter and not been converted into an adversary proceeding, he would have retained his right, as a party in interest, to appeal any order approving an award of fees to Dreier. Costa contends that the Court will in effect be denying his right to be heard under section 330(a) and his right to appeal an adverse ruling if he is not permitted to intervene. In Costa's view, these rights cannot be denied simply because the Trustee is the party who represents the estates' affirmative claims against Dreier for malpractice and fraud, especially where Costa has independent standing to raise such claims as defenses to or as the basis for the denial of the Dreier Application.

The Trustee and Dreier argue that Costa's interests are protected simply through his rights as a party in interest in the main bankruptcy case. As the Court noted in the Memorandum Opinion, Costa will have the right to notice, the right to object, and the right to appear and be heard on matters arising in the adversary proceeding, even absent intervention. Costa has not convinced the Court that disposition of this adversary proceeding without his intervention will effectively deny him the ability to protect his interests in the Debtors' assets. Accordingly, the

Court concludes that Costa has not satisfied the third requirement for establishing a non-statutory right to intervene under Rule 24(a)(2).

### d. Adequacy of Representation

Costa's interest in the adversary proceeding is that of creditor. The Trustee has a fiduciary obligation to represent the interests of creditors. Costa argues that the Trustee will not adequately represent his interests in the adversary proceeding because the Trustee failed to raise the issues articulated by Costa in the Fee Objection and the Trustee has indicated, by pursuing a settlement, that he has no interest in prosecuting the estates' claim against Dreier.

The First Circuit Court of Appeals has explained that intervention will not be allowed unless a compelling showing of inadequate representation is made in situations where one of the duties of an existing party is to represent the interests of the intervenor. Thompson, 965 F.2d at 1142 (citation omitted). "Although the burden of demonstrating inadequate representation remains with the putative intervenor throughout . . . , it is at its most onerous where an existing party is under a legal obligation to represent the interests asserted by the putative intervenor . . . ." Id. (citation omitted). In cases, such as here, where a trustee has a fiduciary duty to represent creditors, "the putative intervenor must assert concrete facts which demonstrate that (1) the existing representation of the putative intervenor's interests is inhibited by the personal interests of the existing representative, (2) the existing representative and the opposing party are engaged in collusive activities, or (3) the existing representative has failed or refused to fulfill the fiduciary duty to protect the interests asserted by the putative intervenor." Id. at 1143.

The Trustee argues that Costa has not alleged any "concrete facts" that would satisfy this standard, and the Court agrees. While Costa asserts that the Trustee has some personal interest,

8

the personal interest he alleges is a personal interest in obtaining approval of his settlement with Dreier.  As the Trustee correctly pointed out, a trustee will always have some interest in obtaining approval of a settlement that he has proposed, negotiated, or entered into, but such interest is not the type that would suggest an inability to fairly represent the interests of creditors and a bankruptcy estate.

As for collusion, Costa has not raised "concrete facts" that would suggest any collusion between the Trustee and Dreier.  There has been no evidence of any illegitimate conspiracy or some wrongful plot between the Trustee and Dreier.  The fact that a settlement has been reached does not mean any collusion has taken place.  There are no specific allegations from which even the possibility of collusion may be inferred.

With respect to breach of fiduciary duty, Costa appears to suggest that because the Trustee did not bring any claims asserting misconduct, malpractice, or fraud against Dreier, the Trustee has somehow breached his fiduciary duty.  Costa stated further that he is concerned about the exhaustiveness of the Trustee's investigation into the allegations raised in the Fee Objection and stated at the hearing that he needed to complete discovery to inform his opinion on the issues.  Costa's disagreement with the Trustee's assessment of the benefits and risks of litigation and of the benefits to the estate of a compromise of professional fees is insufficient to meet the heavy burden of demonstrating inadequacy of representation by the Trustee and intervention under Rule 24(a)(2).  Accordingly, the Court concludes that Costa has not established all of the necessary requirements for a non-statutory right to intervene.

9

**B. Permissive Intervention**

Rule 24(b) provides:

> Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b).  Permissive intervention is allowable under Rule 24(b) if the Court determines:

1. The applicant's claim or defense and the main action have a question of law or fact in common.

2. The applicant's interests are not adequately represented by an existing party.

3. Intervention would not result in undue delay or prejudice to the original parties.

Thompson, 965 F.2d at 1142 n.10.  Whether to permit intervention under Rule 24(b) is discretionary with the Court "with the primary consideration being whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."  See Gleason v. Commonwealth Continental Health Care (In re Golden Glades Reg'l Med. Ctr., Inc.), 147 B.R. 813, 816 (Bankr. S.D. Fla. 1992) (citations omitted).

Costa argues that he should be permitted to intervene because the subject matter of the adversary proceeding are allegations of fact and law that Costa himself brought to the Court.  He suggests that his intervention will not cause undue delay nor will it prejudice the adjudication of the rights of the other parties where the Court already contemplates his participation in the proceeding.  Costa further argues that allowing him to intervene would help ensure that the allegations he raised are fairly determined and Dreier does not simply receive a minor reduction

in fees as punishment for the substantial harm it inflicted upon the Debtors during the chapter 11 phase of their cases.

The Trustee argues that the Court should not permit intervention under Rule 24(b) because allowing Costa to participate as a full party in this adversary proceeding will only cause the bankruptcy estates to expend funds that they cannot afford in futile and purposeless disputes and litigation by Costa. The Trustee contends that Costa's actions throughout the bankruptcy case have shown a willingness to initiate futile and expensive litigation, objections, and discovery. In the Trustee's view such actions have already cost the estates over $1 million.

Dreier points out that in Costa's proposed scheduling order Costa seeks several months of discovery and a five day trial. If permitted to intervene, Costa would undoubtedly attempt to have the Court conduct a full blown trial addressing each of his allegations, thereby causing the Debtors' estates and Dreier to incur additional legal fees.

Given the Court's conclusion that Costa's interests are adequately represented by the Trustee and the likelihood that Costa's involvement as a party to the adversary proceeding would result in undue delay, the Court concludes that Costa has not established sufficient grounds warranting permissive intervention under Rule 24(b).

### C. Intervention Procedure

The Court notes further that Costa has not satisfied the procedural requirements for intervention. Rule 24(c) provides in relevant part:

> A person desiring to intervene shall serve a motion to intervene upon the parties as provided by Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. . . .

Fed. R. Civ. P. 24(c).  Thus, "[a] request for leave to intervene under Bankruptcy Rule 7024(c) must meet several formal criteria: (1) it must be by motion served on the existing parties pursuant to Fed. R. Civ. P. 5; (2) the motion must state the grounds for intervention; and (3) the motion must be accompanied by a pleading setting forth the claim or defense to be asserted on intervention."  Thompson, 965 F.2d at 1143 n.11.  While Costa has filed a motion to intervene and his motion sets forth the grounds for intervention, Costa has not filed a separate pleading that sets forth any claims or defenses.  While Costa presumably would direct the Court to the Fee Objection as the pleading that sets forth his claims, as the Court noted in the Memorandum Opinion, Costa lacks standing to assert claims of malpractice and fraud against Dreier and any other professional of the Debtors.  Accordingly, Costa should have articulated in a separate pleading exactly what claims he would assert against the Dreier in this adversary proceeding.

## IV.  CONCLUSION

For the reasons set forth above, the Court concludes that Costa has failed to satisfy the requirements for either mandatory intervention under Rule 24(a) or permissive intervention under Rule 24(b).  Accordingly, by separate order the Court will deny the Motion.  This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

ENTERED at Manchester, New Hampshire.


Date:   September 13, 2006            /s/ J. Michael Deasy
                                      J. Michael Deasy
                                      Bankruptcy Judge

12